# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **630 N. HIGH STREET, LLC,** | : |
| | : Case No. 2:20-cv-3147 |
| **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : Magistrate Judge Elizabeth Deavers |
| **MATTHEWS, et al.,** | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff 630 N. High Street, LLC's Motion to Remand. (ECF No. 5), which Defendants The OMNI Collective Group, LLC, Scott Wooten, Louis Matthews, and Samuel Gray oppose (ECF No. 8). Also before the Court is Defendants' Motion to Consolidate (ECF No. 9).[1] For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Consolidate [#8] and **DENIES** Plaintiff's Motion to Remand [#5].

### II. BACKGROUND

Plaintiff is an Ohio-based limited liability company and currently owns the building at 630 N. High Street in Columbus, Ohio. Previously, this building was owned by The New Victorians Inc. ("The New Victorians"). In April 2018, The New Victorians agreed to rent the building at 630 N. High Street to Defendants Louis Matthews, Samuel Gray, Scott Wooten, and The Omni Collective Group, LLC (together, the "Tenants"). (ECF No. 1, Ex. 1). The New Victorians and

---

[1] This motion also appears as ECF No. 63 in *Wagner v. The New Victorians, Inc., et al.*, No. 2:18-cv-01021 (S.D. Ohio).

Tenants entered into a written commercial lease agreement ("Lease") for a term of ten years on April 27, 2018. (*Id.*). Under the Lease, Tenants promised to pay monthly rent on the first day of each calendar month, subject to a 10% penalty if they were more than five days late on a rent payment. (*Id.*).

At some point between April 2018 and April 2020, The New Victorians apparently transferred the property at 630 N. High Street to Plaintiff and assigned its interest in the Lease to Plaintiff. Plaintiff did not provide evidence of the transfer or assignment, nor did it describe these events in the Complaint.[2] Defendants, however, do not appear to dispute that Plaintiff is their current landlord.[3] Moreover, the same two individuals who were parties to transactions involving The New Victorians—Joseph Armeni and Amelia Salerno—are also party to transactions involving 630 N. High Street. (*See* ECF No. 1, Ex. 1 at 5; ECF No. 1, Ex. 3). And Plaintiff maintains that it currently owns the building at 630 N. High Street. (ECF No. 2 at ¶ 6). The Court therefore proceeds under the assumption that Plaintiff is the current owner and is a current party to the Lease.

Plaintiff asserts that Tenants did not pay the required monthly rent in April, May, or June of 2020. (*Id.* at ¶ 16). After Tenants missed their April and May payments, Plaintiff served them with a notice of their breach on May 6, 2020 in accordance with the Lease procedure. (ECF No. 2, Ex. 3). Plaintiff asserts Tenants failed to remedy the breach. (ECF No. 2 at ¶ 19). On May 28, 2020, Plaintiff sent a three-day notice of eviction to Tenants. (ECF No. 2, Ex. 4). According to

---

[2] The Lease Plaintiff attached as Exhibit 1 to its Complaint identifies the original parties to this contract and the lists the original signing date. Plaintiff is not a party to the contract it supplied. (ECF No 2. Ex. 1).

[3] Defendants call attention to the fact that lease Plaintiff attached to the Complaint does not list 630 N. High Street, LLC as the landlord. (ECF No. 3 at ¶ 3). Defendants also highlight that Plaintiff "failed to attach a copy of the purported assignment" to the lease. (*Id.* at ¶ 4). Despite these errors, Defendants refer to Plaintiff as "Landlord" in their Motion to Consolidate and Opposition to the Motion to Remand. (*See, e.g.*, ECF No. 8 at 2; ECF No. 9 at 1).

Plaintiff, Tenants did not comply with the eviction notice and continued to occupy the building at 630 N. High Street. (*Id.* at ¶ 22).

Plaintiff filed an action against Defendants in Franklin County Municipal Court ("FCMC") on June 5, 2020, alleging breach of contract and forcible entry and detainer under Ohio law. (*Id.*). Plaintiff requested $15,000 in damages. (*Id.*). FCMC scheduled an eviction hearing for June 23, 2020 to adjudicate the dispute (the "Eviction Case"). (ECF No. 5 at 1). Two days before the hearing, on June 21, 2020, Defendants answered Plaintiff's Complaint and filed a Counterclaim in Franklin County Municipal Court, asserting abuse of process and frivolous conduct. (ECF No. 3). The day before the hearing, on June 22, 2020, Defendants removed the case to the Southern District of Ohio, pursuant to 28 U.S.C. § 1441, claiming that Plaintiff raised a federal question in its Complaint. (ECF No. 1 at ¶ 1). Plaintiff filed its Motion to Remand on June 29, 2020 (ECF No. 5), which Defendants opposed (ECF No. 9). On July 20, 2020, Defendants also filed a Motion to Consolidate the Eviction Case with an earlier case that was litigated in the Southern District of Ohio. (ECF No. 8). Plaintiff opposed that motion. (ECF No. 11).

The earlier case was *Wagner v. The New Victorians Inc.*, No. 2:18-cv-01021 (S.D. Ohio) (the "ADA Case"). Plaintiff Richard Wagner brought the ADA Case against The New Victorians and Bernard's Tavern on September 7, 2018. Mr. Wagner asserted that Defendants violated their duties under the Americans with Disabilities Act of 1990 ("ADA") by failing to provide a series of ADA-required accommodations at 630 N. High Street. (No. 2:18-cv-01021, ECF No. 1). At the time, The New Victorians owned the building at 630 N. High Street and Bernard's Tavern operated a bar and restaurant on site. (*Id.* at ¶ 5). Mr. Wagner later amended his Complaint, adding The Omni Collective Group LLC ("Omni"), Amelia Salerno, and Joseph Armeni as Defendants. (*Id.*, ECF No. 8). By that time, Omni had assumed tenancy at 630 N. High Street and operation of

3

Bernard's Tavern, and Ms. Salerno and Mr. Armeni were the titled owners of the property at 630 N. High Street. (*Id.*, ECF No. 8 at ¶¶ 5, 7; *Id.*, ECF No. 33 at ¶¶ 6, 8). Mr. Wagner cited numerous ADA violations in the amended complaint, including failure to provide accessible routes, restrooms, and access to goods and services. The ADA Case settled, and the parties collectively entered into a Settlement and Release Agreement (the "Agreement" or the "Settlement Agreement"). (No. 2:20-cv-03147, ECF No. 8, Ex. A). Under the Agreement, Defendants promised to execute "barrier removal, alterations and modifications" at 630 N. High Street within one year of the execution of the Agreement. (*Id.*). This Court retained jurisdiction over the Settlement Agreement. (*Id.*).

In the matter currently before the Court, Defendants argue that the Eviction Case impedes their ability to comply with the Settlement Agreement, and they assert this impediment as the basis for removal. Defendants also seek to consolidate the Eviction Case with the ADA Case. Plaintiff opposes consolidation and seeks to remand the case sub judice to Franklin County Municipal Court.

### III. LAW AND ANALYSIS

#### A. Defendants' Motion to Consolidate

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the Court has the discretion to:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

In order to consolidate actions, there need not be "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs*, LLC, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). The underlying objective of consolidation "is to administer the court's business with expedition and

4

economy while providing justice to the parties." *Stillwagon v. City of Delaware*, No. 2:14-CV-1606, 2016 WL 6094157, at *2 (S.D. Ohio Oct. 19, 2016) (internal quotations omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

District courts enjoy broad discretion in determining when consolidation is appropriate, and in doing so, they consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Stillwagon*, 2016 WL 6094157, at *2.

Here, the ADA Case and the Eviction Case share several commonalities. They involve substantially similar parties and counsel, and both cases relate to the obligations of both the landlord and tenants of the building at 630 N. High Street. Moreover, the Eviction Case will affect the Defendants' ability to comply with the Settlement Agreement, since fulfillment of their obligations under the Agreement depends on their having access to the building. Based on the filings before the Court, it appears that Defendants have not yet met their Agreement duties. The outcome of the eviction proceeding implicates these duties, whether they will be satisfied, and the timeliness of their completion. Although the two cases do not pose identical issues, they do share common questions of fact, and the commonalities warrant consolidation under Rule 42(a).

Additionally, consolidation will promote efficiency and judicial economy and prevent the possibility of inconsistent judgments. This Court is already familiar with the ongoing dispute between the parties, as it adjudicated the ADA Case for nearly a year, issuing at least eight orders. Resolving the consolidated cases in federal court will prevent the possible confusion that could

result from inconsistent adjudications of common factual issues, and it will conserve judicial resources. Because the cases share common questions of fact and consolidation will facilitate efficiency, the Court **GRANTS** Defendants' Motion to Consolidate.

### B. Plaintiff's Motion to Remand

A civil action brought in state court may be removed to federal court only if the federal court would have had original jurisdiction to hear the case in the first instance. 28 U.S.C. § 1441. Under supplemental jurisdiction, district courts have original jurisdiction over any claim that originates in state court and is "so related to claims" arising under federal law "that they form part of the same case or controversy under Article II of the United States Constitution." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)) ("That provision applies with equal force to cases removed to federal court as well as to cases initially filed there; a removed case is necessarily one of which the district courts . . . have original jurisdiction.") (internal quotations omitted). Supplemental jurisdiction exists when the federal claim and the state law claim arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). By allowing all of a party's claims to be decided by one court, rather than by two separate proceedings by a federal and a state court, supplemental jurisdiction promotes the values of judicial economy, convenience, fairness, and comity. *See Plain Local Sch. Bd. of Educ. v. DeWine*, No. 2:19-cv-5086, 2020 WL 5521310, at *15 (S.D. Ohio Sept. 11, 2020) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349−50 (1988)).

This Court finds that the common facts between the two cases and the interest of judicial economy counsel in favor of exercising supplemental jurisdiction over the Eviction Case. As previously discussed, the two cases share overlapping parties and counsel, arise out of a substantially similar landlord-tenant relationship, pertain to the same property, and implicate the

same Settlement Agreement obligations. Moreover, the Court is already familiar with this ongoing dispute and the previous proceedings related to it, and adjudicating the Eviction Case in federal court keeps with the principles that underlie supplemental jurisdiction. Because this Court holds jurisdiction over the Eviction Case and exercises its discretion in adjudicating it, Plaintiff's Motion to Remand is **DENIED**.

## IV. CONCLUSION

Pursuant to 28 U.S.C. 1447(c), this Court does not have jurisdiction over this matter. Thus, Defendants' Motion to Consolidate [#8] is **GRANTED.** Additionally, Plaintiff's Motion to Remand [#5] is **DENIED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 4, 2020**